

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Hon. J. A. Hill, President
West Texas State Teachers College
Canyon, Texas

Dear Sir:

Opinion No. 0-7315
Re: Authority of West Texas
State Teachers College to
borrow money for Veterans'
dormitory housing and
pledge therefor revenue
from such housing plus
surplus revenue from reg-
ular dormitory system.

We have your letter of July 24, 1946, in which you request an opinion of the department as to the following subject, quoting from your letter:

"We have acquired from the F. P. H. A. thirty-six barrack buildings and two forty-room dormitories which are to be moved to our campus and reconditioned for veterans housing. In order to do this we shall need $75,000, and the local bank is willing to finance this project for us if we have the legal right to borrow the money and pledge the revenues from the units moved to our campus and any surplus revenues from our regular dormitory system.

"Of course, the lien on the regular dormitory system would be the third lien, and they understand that."

The authority for the college to borrow money for the purpose you mention and to pledge the above described revenues is fully contained in the statutes as set out below:

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Article 2603e, V. A. C. S., Section 1.

". . . . The Board of Regents of the State Teachers' Colleges are hereby severally authorized and empowered to construct or acquire through funds or loans to be obtained from the Government of the United States, or any agency or agencies thereof, created under the National Recovery Act. or otherwise created by the Federal Government or from any other source private or public, without cost to the State of Texas, and accept title, subject to such conditions and limitations as may be prescribed by each of said Boards, dormitories, kitchens and dining halls, hospitals, libraries, student activity buildings, gymnasia, athletic buildings and stadia, and such other buildings as may be needed for the good of the institution and the moral welfare and social conduct of the students of such institutions when the total cost, type of construction, capacity of such buildings, as well as the other plans and specifications have been approved by the respective Governing Boards; provided, however, that the Legislature shall never make an appropriation out of the general fund of this State, either in the regular appropriation bill or in a supplemental or emergency appropriation bill, for the purpose of equipping or for the purpose of purchasing and installing any utility connections in any of the buildings erected under and by virtue of the provisions of this Act.'

Sec. 2

". . . .

"That said Boards are further authorized to make any contract with reference to the collection and disposition of the revenues derived from any building so constructed in the acquisition or construction, management, and maintenance of any building or buildings acquired hereunder. In reference to the acquisition of student activity buildings, stadia, gymnasia, and all character of athletic buildings, said Boards are authorized also to make contracts with reference to the collection and disposition of revenues to accrue to

such respective institutions participate away from said institutions, as well as at said institutions; and in anticipation of the collection of such revenues, and for the purpose of paying the cost of the construction or acquisition of said building or buildings and grounds, said Boards are severally empowered by resolution to authorize, sell, and deliver its negotiable bonds or notes from time to time and in such amount or amounts as it may consider necessary. The fees and charges so fixed for the use of any such building or buildings shall not be collected after payment in full shall have been completed for the building or buildings for which said fees shall be pledged. Thereafter the right of said respective Boards to fix charges and fees shall depend on laws other than this Act as hereby amended. Any bonds or notes issued hereunder shall bear interest at not to exceed six (6%) per cent per annum, and shall finally mature not more than forty years from date. (Emphasis supplied)

"Sec. 3. Subject to the above restrictions, each of said Boards is given complete discretion in fixing the form conditions and details of such bond or notes. Any bonds or notes issued hereunder shall not be an indebtedness of the State of Texas, but shall be payable solely from the revenues to be derived from the operation of said buildings; provided that such bonds may be refinanced by the said Boards whenever such action is found by the Board to be necessary.

". . . .

Sec. 4

"Each of said Boards is authorized and empowered to pledge all or a part of such revenues to the payment of such bonds or notes, and to enter such agreements regarding the imposition of sufficient charges and the collection, pledge and disposition of such revenues as it may deem proper. In all cases where existing buildings or structures are repaired or enlarged or to which

additions are constructed, the board shall also have the power and are hereby authorized to pledge, incumber and/or dispose of the net revenues of such existing buildings or structures as well as to pledge, incumber and/or dispose of the revenue derived from the additions or improvements to such structures.

"....

"Each of said boards is hereby authorized and empowered to pledge the unused part of any revenues from self-liquidating buildings for the construction of any other buildings such board may deem necessary. Each of said boards is authorized and empowered to pledge the rentals of dormitories, cottages, or other income bearing property for the repair, enlargement, or construction of any other buildings such board may deem necessary."

Article 2909a, V.A.C.S., Sec. 1.

"...., the Board of Directors of the State Teachers' Colleges of Texas are hereby authorized and empowered to erect and equip, and to construct with any person, firm, or corporation, for the erection, completion and equipping of dormitories, cottages, or stadiums, to be erected either on the campus or real estate then owned by said colleges, or on other real estate purchased or leased for the purpose, and the said Board of Directors are hereby expressly authorized to purchase, or lease, additional real estate for such purposes, provided said Institutions have sufficient surplus from local funds, but not exceeding twenty-five (25%) per cent of the total for any fiscal year, to pay cash for any purchase of land; or the purchase of land is made from funds derived from the sale of revenue bonds or notes. The bonds or notes authorized herein are to be paid solely from the revenues of the dormitories, cottages and stadium, and shall never be charged against the State nor any appropriation made by the State nor

shall any portion of said appropriation ever be used for the payment of said notes or bonds. It being the intention of the Legislature to authorize the payment of said notes and bonds solely from revenues derived from the improvements authorized herein and an emergency to be supplemented from local funds not exceeding twenty-five (25%) per cent for any fiscal year.

Sec. 3.

"In payment for the erection, completion and equipping of such dormitories, cottages and stadiums, and the purchase of the necessary sites thereto, the Boards aforesaid are further authorized and empowered to issue their obligations in such sum or sums and upon such terms and conditions as the said directors may seem advisable, and as security for the payment thereof to pledge the net rents, fees, revenues and incomes from the improvements to be erected hereunder. Any bonds or notes issued hereunder shall bear interest at the rate not to exceed six (6%) per cent per annum and shall finally mature not more than twenty years from date. (Emphasis supplied.)

Sec. 4.

"The aforesaid Boards are hereby authorized and empowered to pledge the unused part of any revenues from self-liquidating buildings for the construction of additions to said buildings or the construction of any other buildings and the purchase of the necessary sites thereto such Boards may deem necessary, provided that any subsequent issue of revenue bonds or notes shall be a second lien on said net revenues, rents, fees and incomes and shall be inferior to any outstanding revenues, bonds or notes which are secured by a pledge of said net revenues, rents, fees and incomes."

In regard to pledging surplus or unused revenues from the regular dormitory system for the payment of the obligation

you now seek to create, we call your attention to the follow-
ing provisions relative to the bond record of such dormitory
system as shown by the transcripts on file in the State
Comptroller's office.

The $200,000 Building and Natatorium Revenue and
Refunding Bonds, Series of 1940, constitute a first lien on
the so-called "Consolidated System" comprising the regular
dormitories and the natatorium of the college. The bond order
of that issue recited that a Bond Fund is created into which
all the gross revenues of the "System" shall be deposited after
deducting therefrom operating and maintenance costs of the
"System". When the Reserve Account of such Bond Fund shall
have accumulated a certain specified amount, and so long as
the Reserve Account is maintained at such certain specified
amount, any excess net revenues in the Bond Fund may be used
for any lawful purposes.

The $105,000 Dormitory and Student Union Building
Revenue Bonds, Series 1945, constitute a first lien on the
Activity Fee collected from students attending the college
and a first lien on the unpledged revenues of the so-called
"Consolidated System" as mentioned above, which revenues are
subject to the prior lien securing the $200,000 series of
1940 described above. The bond order of the $105,000 Series
of 1945 also creates a Bond Fund into which there is to be
deposited $1,600 annually from 1946 through 1961 from the
Student Union Fund, and, in addition, from the Operating Fund
of certain units of the Consolidated System there is to be
paid into the aforesaid Bond Fund of this issue the sum of
$400 annually from 1946 through 1973. No further pledge of
the unused funds from the "Consolidated System" or the Student
Union Fund created by this particular issue is made in the
bond order of this issue than is noted above.

The $420,000 Building Revenue Bonds, Series 1946,
constitute a first lien on the net revenues of certain buildings
constructed with the proceeds of this issue comprising a central
dining hall, men's dormitory building, and cooperative houses for
women. The bond order of this issue creates a Bond Fund into

which there is to be deposited from the revenues of the above buildings an amount to the extent necessary to make annual payments against the debt service of the issue, such amount being not less than $2,300 per month from 1947 through 1955 (for 10 months of each year), and not less than $2,000 per month (for 10 months of each year) from 1955 until such time as there is in such Bond Fund an amount full sufficient to pay all outstanding debt service of this issue. Any excess net revenues over and above the amount required to be paid into the Bond Fund may be deposited in the said Bond Fund, or may be used for any other lawful purpose.

The bond orders of all the above named issues provide that no further pledges of the revenues therein described may be made senior to or on a parity with the pledges in such bond orders.

Subject to the above provisions, you are advised that it is the opinion of this department that the West Texas State Teachers College has authority to borrow money for the purpose set out in your letter and to pledge therefor the revenues listed in such letter, provided all applicable regulations are strictly observed.

Very truly yours,

ATTORNEY GENERAL OF TEXAS

Approved Jul 31 1946

(s)  CARLOS C. ASHLEY

By        (signed)
          W. N. Blanton, Jr.
First Assistant              Assistant
Attorney General

WNB:RT:EA

APPROVED
OPINION
COMMITTEE
BY  B.W.B.
    Chairman